# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

PHILIP J. CELATKA,                        )
                                          )
                Petitioner,               )
                                          )
        v.                                )          Civ. A. No. 03-548-GMS
                                          )
THOMAS CARROLL, Warden,                   )
                                          )
                Respondent.               )

—————————————

Philip J. Celatka.  *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for respondents.

—————————————

## MEMORANDUM OPINION

July 29, 2005
Wilmington, Delaware

**/s/ Gregory M. Sleet, District Judge**

## I. INTRODUCTION

Petitioner Philip J. Celatka is a Delaware inmate at the Delaware Correctional Center in Smyrna, Delaware.  He has filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (D.I. 2.)   For the reasons that follow, the court will dismiss his petition.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In October 2000, a Superior Court grand jury issued a 29-count indictment charging Celatka with thirteen counts of unlawful sexual intercourse in the first degree, seven counts of unlawful sexual penetration in the third degree, seven counts of unlawful sexual contact in the second degree, one count of continuous sexual abuse of a child, and one count of endangering the welfare of a child.  All the counts involved his daughter while she was less than sixteen years of age, and involved actions occurring from 1992 through 1997.  In December 2000, Celatka entered a guilty plea in the Delaware Superior Court, under then-existing Delaware Superior Court Criminal Rule 11(e)(1)(C), to one count of first degree unlawful sexual intercourse (11 Del. C. Ann. § 775 (repealed 1998)) and to one count of continuous sexual abuse (11 Del. C. Ann. § 778).  The Superior Court sentenced him to a total of thirty years imprisonment, suspended after seventeen years for decreasing levels of supervision.  Had Celatka proceeded to trial and found guilty of all the charges, he would have faced nearly 200 years of minimum mandatory imprisonment.  Celatka did not appeal his conviction or sentence.

In April 2001, Celatka filed a *pro se* motion for state post-conviction relief under Delaware Superior Court Criminal Rule 61, asserting: (1) "jurisdiction abuse" by the Superior Court because when he was arrested, he was charged with incest, and only Family Court has jurisdiction to hear incest charges, not the Superior Court; (2) several counts of the indictment

charged the same offense, thereby constituting double jeopardy; (3) the fact that Family Court did not hear the incest charges violated his due process rights; and (4) his failure to raise these three claims earlier should be excused because of his counsel's ineffective assistance. *State v. Celatka*, 2002 WL 961797, at *2 (Del. Super. Ct. May 8, 2002). The Superior Court denied Celatka's Rule 61 motion after determining that the first three claims were procedurally barred, and Celatka's ineffective assistance allegation did not excuse the procedural bar because his counsel's representation had been effective and competent. *Id.* at *4. The Delaware Supreme Court affirmed the Superior Court's judgment. *Celatka v. State*, 2003 WL 2017221 (Del. Aug. 29, 2003).

In June 2003, Celatka filed in this court a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 3) Then, in July 2003, Celatka filed in the Delaware Superior Court a *pro se* motion to correct sentence pursuant to Superior Court Criminal Rule 35(a), asserting that his sentence was illegal because the Superior Court did not have jurisdiction to convict him. Celatka argued that he should have been charged with incest in the Family Court, not with the general sexual offense of unlawful sexual intercourse in the Superior Court. (D.I. 19.) The Superior Court denied this motion as time-barred and also because the request should have been filed pursuant to Superior Court Criminal Rule 61. (D.I. 61, *State v. Celatka*, ID No. 0008008225 Order (Del. Super. Ct. July 14, 2003). The Delaware Supreme Court affirmed this decision, holding that the law of the case doctrine barred re-litigation of the issue in a Rule 35(a) motion because the Superior Court had already denied the same claim in Celatka's first Rule 61 proceeding. *Celatka v. State*, 839 A.2d 665 (table), 2003 WL 22701633 (Del. Nov. 12, 2003).

The State has filed an answer asking the court to dismiss Celatka's federal habeas petition. Celatka's § 2254 petition is ready for review.

## III.  GOVERNING LEGAL PRINCIPLES

### A.  The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).  Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

### B.  Exhaustion and Procedural Default

One procedural requirement imposed by AEDPA is that, absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).   AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).   A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding.  *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).   "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'"  *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts.  *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989).  Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted.  *Lines,* 208 F.3d at 160.  Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### C. Standard of Review Under AEDPA

Even if a federal court determines that a claim is exhausted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).  A claim is considered to have been  "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground."  *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard*, – U.S. – , 125 S.Ct. 2456  (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues to be correct, unless the petitioner presents clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).  This presumption of correctness applies to both explicit and implicit findings of fact.  *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV.  DISCUSSION

**A. Claim One**

Celatka's first claim asserts that the Superior Court lacked jurisdiction to convict him because he should have been charged with incest in Family Court. The State correctly acknowledges that Celatka exhausted state remedies by presenting this issue to the Delaware Supreme Court when he appealed the Superior Court's denial of his Rule 61 motion.

Nevertheless, this claim asserts an issue of state law, which is not cognizable on federal habeas review. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Smith v. Phillips*, 455 U.S. 209, 211 (1982). Although Celatka briefly refers to the Fifth and Fourteenth Amendments of the United States Constitution in presenting his argument, the alleged jurisdictional issue rests solely upon an interpretation of Delaware's case law and statutes.[1] *See Getz v. Snyder*, 1999 WL 127247, at *4-5 (D. Del. Feb. 18, 1999); *see also Lambert v. Blackwell*, 2003 WL 1718511, at 20 n.21 (E.D. Pa. Apr. 1, 2003), *aff'd*, 387 F.3d 210 (3d Cir. 2004), *petition for cert. filed*, No. 04-8536 (Feb. 3, 2005); *U.S. ex rel. Roche v. Scully*, 739 F.2d 739, 741 (2d Cir. 1984)(stating that "no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law."); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976)(holding that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."). The Delaware Supreme Court has specifically held that defendants can be charged with unlawful sexual intercourse instead of incest, and that the Superior Court has jurisdiction over both types of charges. *In re Bredbenner,* 783 A.2d 124 (Table), 2001 WL

---

[1]Celatka states: "Right to access in the Family Court, where this matter is protected by the State's Constitution Art. IV, Sec. 28, are fundamental rights also protected by the United States Constitution, Amendments 5, 14." (D.I. 3 at 9.)

1381232, at *1 (Del. Aug. 23, 2001)(holding that "[t]he Superior Court has personal and subject matter jurisdiction over adults who are indicted for a crime that is a felony, irrespective of whether the victim is a child" and "the Superior Court also has derivative jurisdiction over misdemeanor offenses."); *Harden v. State*, 2001 WL 791961 (Del. June 28, 2001).   A federal habeas court cannot re-examine a state supreme court's determination of state law.  *See Estelle*, 502 U.S. at 68; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  Thus, the court will dismiss the instant claim for failing to present a proper basis for federal habeas relief.

### B. Claim Two

 Celatka's second claim alleges that his right to due process was violated because the Delaware Division of Family Services should have dealt with the case, rather than having the case proceed through the criminal justice system.  He contends that "[t]his was a family matter that was never referred to either the Division of Family Services or the Family Court.  Thus depriving [sic] him to a state authorized agency, by those investigating the abuse (the police) in which the agency could, without their assistance, remedy the abuse.  There was no investigation and/or assessment done, by the Division of Family Services."  (D.I. 3 at 13.)

This claim appears to assert that the Division of Family Services and the State of Delaware violated his familial integrity by failing to investigate the matter under the child protection system rather than the criminal legal system, and, therefore, violated his state and federal constitutional rights.  (D.I. 3 at 12-14.)   Celatka exhausted state remedies by presenting this claim to the Delaware Supreme Court on appeal from the denial of his Rule 61 motion.  Nevertheless, the State contends that federal habeas review is precluded because the Delaware state courts rejected the claim on an independent and adequate state procedural ground.

The court agrees that it is procedurally barred from reviewing this claim on the merits. Both the Superior Court and the Delaware Supreme Court explicitly found the claim procedurally defaulted under Delaware Superior Court Rule 61(i)(3). *Celatka,* 2002 WL 961797 at *2 (Celatka did not assert the claim at the plea, sentencing, or on direct appeal, and because he failed to demonstrate that his counsel provided ineffective assistance, he did not establish cause or prejudice excusing his procedural default); *Celatka*, 2002 WL 2017221, at **1; *see* Del. Super. Ct. Crim. R. 61(i)(3)("any ground for relief that was not asserted in the proceedings leading the to the judgment of conviction . . . is thereafter barred" absent a showing of cause and prejudice). The dismissal under Rule 61(i)(3) constituted a plain statement that the courts' decisions rested on state law grounds. *Harris v. Reed,* 489 U.S. 255, 263-65 (1989); *see Y1st v. Nunnemaker*, 501 U.S. 797 (1991). This court has consistently held that Delaware Superior Court Criminal Rule 61 is an independent and adequate state ground precluding federal habeas review. *See Maxion v. Snyder,* 2001 WL 848601, at *10 (D. Del. July 27, 2001)(all sub-parts of Rule 61 constitute independent and adequate state procedural grounds); *Dawson v. Snyder,* 988 F. Supp. 783, 804 (D. Del. 1997). As such, the court cannot provide federal habeas review of this claim unless Celatka establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to review this claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir. 1992).

Celatka's assertion in claim three regarding the ineffective assistance of his counsel appears to be an attempt to establish cause for his procedural default. An ineffective assistance of counsel claim can only establish cause for a procedural default if it is determined that counsel

did, in fact, provide constitutionally ineffective assistance. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Edwards v. Carpenter*, 529 U.S. 446, 451-51 (2000). However, as explained *infra* at 11-15, his ineffective assistance of counsel claim is meritless. Therefore, counsel's actions do not excuse Celatka's procedural default.

In the absence of cause, the court does not need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Celatka also does not allege that he is actually innocent, nor does he present any colorable evidence of his actual innocence. Thus, he has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim.

Accordingly, the court will dismiss Celatka's familial integrity claim as procedurally barred from federal habeas review.

### C.  Claim Three

Celatka's third claim asserts that his attorney provided ineffective assistance in violation of his Sixth Amendment rights by failing to file a motion to suppress his allegedly illegally obtained confession, improperly waiving a preliminary hearing in exchange for a police report, and generally failing to pursue the case in Family Court rather than Superior Court. The State correctly acknowledges that Celatka exhausted state remedies for this claim by presenting it to the Delaware Supreme Court in his post-conviction appeal. *See State v. Celatka,* 2002 WL 961797 (Del. Super. Ct. May 8, 2002); *Celatka v. State*, 806 A.2d 164 (Table), 2002 WL 2017221 (Del. Aug. 29, 2002). The Delaware Supreme Court denied the claim on the merits. *Celatka*, 2002 WL 2017221, at **1; *see Rompilla v. Horn*, 355 F.3d 233, 247-8 (3d Cir. 2004)(noting that "a state court may render an adjudication or decision on the merits of a federal

claim without any discussion whatsoever"), *overruled on other grounds by Rompilla v. Beard*, -

U.S. -, 125 S.Ct. 2456 (2005).  As such, the court cannot grant federal habeas relief unless the

Delaware Supreme Court's decision either was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the United States Supreme

Court.  *See* 28 U.S.C. § 2254(d)(1);  *Williams,* 529 U.S. 362;  *Werts v. Vaughn*, 228 F.3d 178 (3d

Cir. 2000).

  The "clearly established Federal law" which governs ineffective assistance of counsel

claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984)

and its progeny.  *See Wiggins v. Smith*, 539 U.S. 510 (2003).  To prevail on a claim of ineffective

assistance of counsel in the context of a guilty plea, a petitioner must demonstrate both that: (1)

counsel's performance fell below an objective standard of reasonableness; and (2) counsel's

deficient performance actually prejudiced the petitioner's case; in other words, but for counsel's

unprofessional errors, the petitioner would not have pled guilty and would have insisted on going

to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985);  *Strickland*, 466 U.S. at 687-88, 692-94;

*Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir. 1987).  In order to sustain an ineffective assistance

of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate

them or risk summary dismissal.  *See Wells v. Petsock*, 941 F.2d 253, 259-260; *Dooley*, 816 F.2d

at 891-92.  Although not insurmountable, the *Strickland* standard is highly demanding and leads

to a "strong presumption that the representation was professionally reasonable."  *Strickland*, 466

U.S. at 689.

  Here, the Delaware Supreme Court denied Celatka's ineffective assistance of counsel

claims because they were "conclusory and unsupported by the record and, thus, legally

insufficient to establish that his counsel's performance fell below an objective standard of reasonableness and was prejudicial." *Celatka*, 2002 WL 2017221, at **1.  Because the Delaware Supreme Court identified the correct *Strickland* standard, its denial of Celatka's ineffective assistance of counsel claim was not "contrary to" clearly established Federal law. *Williams*, 529 U.S. at 406 (holding that when a "run-of-the-mill state-court decision applie[s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent.).

The court's inquiry under § 2254(d)(1) is not over, however, because it must also determine whether the state court's rejection of Celatka's ineffectiveness claim involved an "unreasonable application of" *Strickland*. *See* 28 U.S.C. § 2254(d)(1).  "The unreasonable application test is an objective one – a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005)(citing *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003)).  Rather, a federal habeas court must objectively evaluate the state court decision on the merits and determine whether the state court reasonably applied the correct  rule to the specific facts of the petitioner's case.  *See Williams*, 529 U.S. at 409, 412-13; *Matteo*, 171 F.3d at 891.

One of Celatka's complaints regarding his counsel's performance is that counsel did not argue that the Superior Court lacked jurisdiction over the incest charges and attempt to transfer the case to the Family Court.  However, as previously explained, the Superior Court did have jurisdiction over Celatka's criminal proceeding, thus, any attempt by Celatka's attorney to pursue the case in Family Court on the basis of a non-existent jurisdictional defect would have failed.  *See, e.g., Harden v. State*, 782 A.2d 264 (Table), 2001 WL 791961, at **1 (Del. June 28,

2001)(denying as meritless the defendant's argument that the Superior Court lacked jurisdiction over his proceeding because he should have been charged with incest in Family Court).   Given that "counsel cannot be deemed ineffective for failing to raise a meritless claim," the court concludes that the Delaware Supreme Court did not unreasonably apply *Strickland* in denying this claim.  *See Werts v. Vaughn,* 228 F.3d 178, 203 (3d Cir. 2000)("counsel cannot be deemed ineffective for failing to raise a meritless claim.");  *Pitts v. Redman*, 776 F. Supp. 907, 925-26 (D. Del. 1991), *aff'd*, 970 F.2d 899 (3d Cir. 1992).

Celatka's other contentions that his counsel was ineffective for failing to file a motion to suppress his illegally obtained confession and for waiving a preliminary hearing for a copy of the police report also fail.  During his plea colloquy and on the Truth-in-Sentencing Guilty Plea Form, Celatka repeatedly stated that he entered his plea voluntarily and that he was satisfied with his counsel's performance.  He also answered affirmatively when the Superior Court judge asked if he was, in fact, guilty of the charges.   These statements were made in open court, and clearly indicated Celatka's satisfaction with his counsel's performance.  *See Mitchell v. U.S.,* 526 U.S. 314, 322 (1999)("statements or admissions made during the preceding colloquy are later admissible against the defendant.").

Moreover, Celatka does not demonstrate that he would have proceeded to trial if his counsel had not committed the alleged errors, thus, he has failed to satisfy the prejudice prong of *Strickland* and *Hill*.  For example, Celatka argues that if he had been given a preliminary hearing, the case would have been assigned to Family Court, not the Superior Court.  The court presumes that Celatka makes this contention in an attempt to argue that he would have been subject to lesser punishment by the Family Court.  There is no merit to this assertion because, as

14

previously explained,  the Superior Court properly exercised jurisdiction over Celatka's
proceeding.  Further,  Celatka was indicted by a grand jury, and, in Delaware, once a defendant
is indicted, the need for a preliminary hearing disappears. *Holder v. State*, 692 A.2d 882, 884-85
(Del. 1997); (D.I. 16, Motion to Affirm in *Celatka v. State*, No.311, 2002, at ¶ 1).  Finally,
Celatka does not identify any evidence that would have been adduced at the preliminary hearing
that would have caused him to insist on proceeding to trial.   Viewing these factors together, the
court finds that Celatka has failed to establish he would have proceeded to trial if his counsel had
not waived the preliminary hearing.

The court also concludes that Celatka has not demonstrated the requisite prejudice arising
from his counsel's alleged failure to file a motion to suppress his illegally obtained confession.
He first raised this issue in his post-conviction appeal to the Delaware Supreme Court by
alleging that the police had denied his right to speak to his pastor or his wife during the
interrogation.  (D.I. 16, Appellant's Op. Br., *Celatka v. State*, No. 311, 2002, at 25.)   To the
extent Celatka's assertion in his habeas proceeding is based on the same alleged denial of access
to his pastor or wife, rather than a denial of access to counsel, such a denial would not render his
confession illegal. *See Miranda v. Arizona*, 384 U.S. 436 (1966)*; Edwards v. Arizona,* 451 U.S.
477, 484-85 (1981)(when an accused has "expressed his desire to deal with police only through
counsel, [he] is not subject to further interrogation by the authorities until counsel has been made
available to him, unless the accused himself initiates further communication, exchanges, or
conversations with police.").

Additionally,  in denying his Rule 61 motion,  the Superior Court found that Celatka had
given a "full voluntary confession to the police." *Celatka*, 2002 WL 961797, at *2.   The

Delaware Supreme Court implicitly agreed with this conclusion when it affirmed the Superior

Court's decision.  *Celatka*, 2002 WL 2017221, at **1.  To the extent this conclusion is a finding

of fact, the court presumes it to be correct because Celatka has not provided clear and convincing

evidence to the contrary.  *See* 28 U.S.C. § 2254(e);  *Campbell*, 209 F.3d at 286.  Indeed, the

transcript of the plea colloquy refutes his allegation, because Celatka never disputed his

counsel's or the prosecutor's statements that his confession was completely voluntary.

The court concurs with the Delaware courts' conclusions that Celatka's meritless and

unsupported allegations do not overcome the strong presumption that his counsel represented

him in a competent and effective manner.  Accordingly, the Delaware Supreme Court's denial of

Celatka's ineffective assistance of counsel claim did not involve an unreasonable application of

*Strickland*.

### D.  Claim Four

Celatka's final claim asserts that the "prosecutor deliberately exercised selectivity in

charging [him] with U.S.I., a general statute, instead of Incest, a specific statute [and thus the

charge was] based upon an unjustifiable standard." (D.I. 2 at ¶ D.)   The court liberally construes

this claim as asserting selective prosecution in violation of Celatka's constitutional rights, which

does present an issue cognizable on federal habeas review.

Celatka exhausted state remedies for the selective prosecution claim by presenting it in

his Rule 61 motion and his Rule 35(a) motion to the Delaware Superior Court, and then to the

Delaware Supreme Court in his appeals of those proceedings.[2]  However, because neither state

---

[2]The State contends that Celatka did not exhaust state remedies for this claim and therefore procedurally defaulted it.  (D.I. 14, at 7,8).  However, Celatka did exhaust state remedies because he presented it to the Superior Court during his Rule 61 motion in his

court adjudicated the merits of these claims, the court will review the claim *de novo* instead of under § 2254(d)(1)'s deferential standard.[3]   *Holloway v. Horn*, 355 F.3d 707, 718 (3d Cir. 2004)(a state court opinion which does not even mention a federal constitutional claim does not constitute an adjudication on the merits).

It is well-settled that if a prosecutor  "has probable cause to believe that the accused committed an offense defined by statute," the prosecutor has broad discretion in determining whom to prosecute and under what charge.  *Wayte v. United States*, 470 U.S. 598, 607 (1985).  A prosecutor may properly base a charging decision upon penalties available after conviction, *United States v. Batchelder*, 442 U.S. 114, 125 (1979); *United States v. LaBonte*, 520 U.S. 751, 762 (1997), but a "decision to prosecute may not be 'deliberately based upon a unjustifiable standard such as race, religion, or other arbitrary classification.'"  *Wayte*, 470 U.S. at 608 (quoting *Batchelder*, 442 U.S. at 125).  Thus,  when a defendant commits an act that violates more than one statute, the government may prosecute under either statute so long as the prosecutorial decision itself is not made with discriminatory intent.  *Batchelder*, 442 U.S. at 123-25 & n.9 (1979); *see Albury v. State*, 551 A.2d 53, 61-62 (Del 1988).

In the instant situation, the prosecutor could have charged Celatka with incest or unlawful

_____

"Amended Memorandum of Law" and subsequently presented it to the Delaware Supreme Court in his appeal of the Rule 61 proceeding.  Further, after he filed the instant § 2254 petition, but before the State filed its Answer, Celatka filed a Rule 35(a) motion in the Superior Court specifically alleging that the prosecution was at fault for charging him with unlawful sexual intercourse in the Superior Court.   The Superior Court denied the motion.  On appeal, the Delaware Supreme Court concluded that Celatka had already presented the issue in his Rule 61 proceeding, and denied the claim as violating the "law of the case" doctrine.

[3]*De novo* review means that the court"must exercise its independent judgment when deciding both questions of constitutional law and mixed constitutional questions."  *William*s, 529 U.S. at 400 (Justice O'Connor concurring).

sexual intercourse because his actions violated both relevant criminal statutes.[4]  *See In re Bredbenner*, 2001 WL 1381232 (Del. Aug. 23, 2001); *Harden v. State*, 2001 WL 7791961 (Del. June 28, 2001).  Celatka has not provided, and the court cannot discern, any evidence that the prosecutor's decision to charge him with unlawful sexual intercourse was based on a discriminatory intent.  Thus, to the extent Celatka has presented the court with a due process claim cognizable in this federal habeas proceeding, the court will dismiss it as meritless.

### E.  Motion for Reply to Petitioner's Allegations

Celatka filed a motion asking the court to order the State to respond to claim four on the merits.  (D.I. 24.)  As previously explained, the court determined claim four to be without merit.

---

[4]Pursuant to 11 Del. C. Ann. § 766, "a person is guilty of incest if the person engages in sexual intercourse with another person with whom the person has one of the following relationships . . . a male and his child."  Pursuant to 11 Del. C. Ann. § 775 (rep. 1998), unlawful sexual intercourse in the first degree was a Class A felony, and occurred when "the person intentionally engage[d] in sexual intercourse with another person . . . [and] the victim was less than 16 years of age and the defendant [was] not the victim's voluntary social companion on the occasion of the crime.   When Celatka committed the numerous sexual offenses on his daughter from 1992 through 1997, she was less than 16 years old, and 11 Del. C. Ann. § 775 was still in effect.

As aptly explained by the Delaware Supreme Court in *Harden*, 2001 WL 112105, at *2:
> To be sure, [petitioner] had sexual relations or sexual contact with his daughter[] and he could have been convicted for incest in Family Court, not Superior Court.  Nevertheless, incest and rape are not the same, even if the victim is the rapist's daughter.  In that case the crimes overlap, but they are not co-extensive.  While [petitioner's] criminal acts amounted to incest, they also included extra criminal elements.  Not only w[as petitioner's victim] his daughter[], [she was] underage and entrusted to his custody or care.  If [petitioner's] child[] had been [an] adult and if [she] had consented, [petitioner] would have been guilty of incest, just as he claims. [His] victim[], however, not only [was] his daughter[], [she was] too young and [she] did not consent in any way to [her] father's sexual advances.  The  victim's youth is an added factor legally justifying felony prosecutions.

Accordingly, the court will deny Celatka's motion as moot.

### F.  Motion to Expedite and Determine Petitioner's Writ of Habeas Corpus

Finally, on July 20, 2005, Celatka filed a motion asking the court to expedite his habeas proceeding.  (D.I. 27.)  The court has decided to deny his § 2254 petition.  Accordingly, the court will deny this motion as moot.

## V.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  *See* Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

The court concludes that Celatka's habeas claims do not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable.  Consequently, the court declines to issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons stated, Celatka's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied.  An appropriate order shall issue.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE


PHILIP J. CELATKA,                        )
                                          )
              Petitioner,                 )
                                          )
       v.                                 )        Civ. A. No. 03-548-GMS
                                          )
THOMAS CARROLL, Warden,                   )
                                          )
              Respondent.                 )


## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

    1. Phillip J. Celatka's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C §

      2254, is DISMISSED, and the relief requested therein is DENIED.   (D.I. 2.)

    2. Celatka's motion for reply to his allegations in claim four is DENIED as moot. (D.I. 24.)

    3. Celatka's motion to expedite his habeas proceeding is DENIED as moot.  (D.I. 27.)

    4. The court declines to issue a certificate of appealability.



Dated: July 29, 2005                      /s/ Gregory M. Sleet
                                          UNITED STATES DISTRICT JUDGE